O’Connell, J.
 

 Defendant appeals as of right from the trial court’s order denying his request for a change of custody of his minor children. He also requests that, in the event we remand the matter, we order that it be assigned to a different judge. • We vacate the order of the trial court and remand for further proceedings, but decline to require that a new judge hear the case.
 

 
 *131
 
 The trial court based its decision on its review of the file and transcripts of the hearing before the referee of the friend of the court, but declined to conduct its own hearing de novo. The court adopted the findings of fact and recommendation of the referee, having ruled that defendant’s written objections to the referee’s conclusions were not supported by the evidence. Defendant contends that the trial court erred in simply adopting the referee’s findings of fact and recommendation without conducting its own hearing de novo.
 

 Whether there is a statutory requirement for a hearing de novo upon the filing of written objections to a referee’s report depends on the interpretation of MCL 552.507(5); MSA 25.176(7)(5), which is a question of law calling for review de novo on appeal.
 
 Haworth, Inc v Wickes Mfg Co,
 
 210 Mich App 222, 227; 532 NW2d 903 (1995). The primary puipose of statutory interpretation is to ascertain and give effect to the intent of the Legislature.
 
 Id.
 
 “[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense.”
 
 Gross v General Motors Corp,
 
 448 Mich 147, 160; 528 NW2d 707 (1995). If the language is clear and unambiguous, then judicial construction is unnecessary; only when reasonable minds could differ regarding the meaning is judicial construction appropriate.
 
 Yaldo v North Pointe Ins Co,
 
 457 Mich 341, 346; 578 NW2d 274 (1998).
 

 MCL 552.507(5); MSA 25.176(7)(5) states that a trial court “shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the
 
 *132
 
 court.” We read this language in tandem with MCR 3.215(E)(3)(b), which provides that a party “may obtain a judicial hearing on any matter that has been the subject of a referee hearing” by filing “a written objection ... 21 days after the referee’s recommendation for an order is served on the attorneys for the parties . . . .” Also bearing on this issue is MCR 3.215(F)(2), which states,
 
 “If both parties consent,
 
 the judicial hearing may be based solely on the record of the referee hearing” (emphasis added).
 

 In the instant case, the referee included with her findings of fact and recommendation a notice of the right to a hearing de novo. This notice includes a statement that the trial court would, upon request, conduct a hearing de novo solely by review of the transcripts of the friend of the court proceeding, or may at its discretion hear testimony or consider other evidence. However, this indication is inconsistent with the plain language of MCL 552.507(5); MSA 25.176(7)(5), which provides for a “hearing” de novo, not merely review de novo.
 
 Mann v Mann,
 
 190 Mich App 526, 529; 476 NW2d 439 (1991), citing
 
 Crampton v Crampton,
 
 178 Mich App 362, 363; 443 NW2d 419 (1989).
 

 Plaintiff maintains that defendant’s filing of written objections to the referee’s report was not sufficient to trigger the court’s duty to hold a hearing, arguing that the objections did not constitute a “written request” for purposes of MCL 552.507(5); MSA 25.176(7)(5). Plaintiff further asserts that because the notice attached to the referee’s report clearly informed defendant that any review pursuant to the filing of written objections would be of the transcripts of the referee’s hearing, defendant’s ordering of the tran
 
 *133
 
 scripts for the court’s review indicates that this was all the review that defendant sought. These arguments are without merit.
 

 The requirements of the applicable statute and court rules are clear, and any implication that an erroneous statement from the referee may reduce the trial court’s responsibilities under those authorities must be rejected.
 

 This leaves the question whether a party’s written objections, including a request that the court consider further evidence, constitute a “written request” for a hearing de novo as contemplated by the statute. MCL 552.507(5); MSA 25.176(7)(5) provides that the court “shall” conduct a hearing de novo “upon the written request of either party” where the request is made within twenty-one days after the recommendation of the referee is made available. In this case, the referee’s recommendation was filed on January 22, 1998, and defendant’s written objections were filed exactly twenty-one days later. Thus defendant’s objections were both timely and in writing. Further, as noted above, MCR 3.215(E)(3)(b) entitles a party to a hearing de novo upon the timely filing of written objections.
 
 [1]
 
 In addition, the plain wording of MCR 3.215(F)(2) indicates that a hearing based exclusively on review of the record is appropriate only if the parties consent to that arrangement. We find no dishar
 
 *134
 
 mony between the applicable statute and court rules and thus conclude that the timely filing of written objections and request that the court entertain additional evidence triggers the requirement under these authorities for a full hearing de novo. Accordingly, we hold in this case that the trial court’s failure to conduct a hearing de novo was clear legal error requiring vacation of the court’s order.
 

 We hereby vacate the order of the trial court and remand this case for a hearing de novo. In light of our disposition of this issue, we need not address defendant’s remaining claims on appeal; they all stem from defendant’s objections to the referee’s conclusions and will properly be addressed by the trial court on remand. See
 
 Truitt v Truitt,
 
 172 Mich App 38, 47; 431 NW2d 454 (1988).
 

 We see no reason to honor defendant’s request for a different judge on remand. We find no indication in the record that the presiding judge below was biased or prejudiced, or otherwise in any way ill-suited to preside over the hearing de novo.
 

 Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 This rule also includes a requirement for a notice of hearing. Our perusal of the lower court record has turned up no notice of hearing attendant to defendant’s written objections and request that the court entertain additional evidence. However, assuming that defendant failed to comply with this requirement, because plaintiff has nowhere made issue of that procedural deficiency, we deem any objections to it waived. We leave for another day the question whether failure to file a notice of hearing alone defeats a party’s right to a hearing de novo.