DUMM v BRODBECK

Docket No. 274600. Submitted July 10, 2007, at Detroit. Decided July 19,
2007. Approved for publication August 28, 2007, at 9:00 a.m.

Angela M. Dumm obtained a divorce from Michael S. Brodbeck in the
Oakland Circuit Court and was awarded physical custody of the
parties' daughter. Brodbeck subsequently filed a motion seeking
physical custody of the child. A hearing referee for the Friend of
the Court recommended a denial of the motion for modification of
custody, and the court, Cheryl A. Matthews, J., after hearing the
defendant's objection to the referee's recommendation, issued an
order denying the motion on the same day the referee made the
recommendation. The defendant appealed.

The Court of Appeals *held*:

1. MCL 777.27(1)(c) provides that a court shall not modify or
amend its previous judgments or orders or issue a new order so as
to change the established custodial environment of a child unless
there is presented clear and convincing evidence that it is in the
best interest of the child. Brodbeck failed to provide supporting
evidence for his assertions and therefore failed to present clear and
convincing evidence that a change of custody was in the child's
best interest.

2. MCR 3.215(E)(7) provides that a court may hear a party's
objection to the referee's recommendation for an order on the
same day as the referee hearing, provided that the parties are
notified in advance and are given the option to refuse a same-day
hearing. Under MCR 3.215(F)(2) and MCL 552.507(5)(b), (6), a
court, when conducting a judicial hearing following a party's
objection to a hearing referee's recommendation, may review the
record of the referee hearing as long as it allows the parties to
present live evidence. The trial court in this case properly reviewed
the record of the referee hearing and issued a proper order in
reliance on the referee's recommendation, given that Brodbeck
was not prevented from offering evidence at the referee hearing
and did not make a request at the judicial hearing to present live
evidence.

Affirmed.

*Mary Ann Abramson* for the plaintiff.

*Glenn P. Franklin* for the defendant.

Before: METER, P.J., and TALBOT and OWENS, JJ.

PER CURIAM. Defendant appeals as of right from the trial court's order denying his motion to modify the existing custody order affecting his minor child, Gwyneth Brodbeck. We affirm.

Defendant Michael S. Brodbeck and plaintiff Angela M. Dumm married in 1997. Their daughter, Gwyneth Brodbeck, was born on July 15, 1999. The parties divorced by consent judgment in 2002. Although the parties have joint legal custody of Gwyneth, plaintiff was granted primary physical custody and defendant received "reasonable and liberal parenting time."

The relationship between these parties is not amicable, and each party accuses the other of hindering his or her relationship with Gwyneth. Defendant filed the current motion to modify the custody order on October 4, 2006, requesting primary physical custody of his daughter. He alleged that plaintiff failed to communicate with him regarding the child's medical condition and extracurricular activities, threatened to withhold parenting time, and took measures, such as requiring her to use the last name "Dumm" and attempting to impose a lesbian lifestyle on the child, that "control[led] and stifle[d] Gwyneth's individuality." Plaintiff admitted that she "has also begun to use Gwyneth as [a] weapon against [defendant]," but denied many of the other allegations and otherwise defended her actions as a parent.

The trial court held that Gwyneth was required to use her legal last name, "Brodbeck," and ordered the parties to return to joint counseling. The trial court also

required plaintiff to consistently update defendant regarding Gwyneth's activity schedule and medical treatments. However, the trial court denied defendant's motion for a change of custody because "most issues were previously raised in prior Motions and Defendant is out of town for work weeks at a time, and issues do not rise to the level of necessitating a change."

MCL 722.27(1)(c) governs the circumstances under which the trial court can modify or amend its previous custody order for the best interest of the child. MCL 722.27(1)(c) states in relevant part:

> The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

Defendant failed to establish by clear and convincing evidence that a change in custody was in Gwyneth's best interest. Defendant alleged that plaintiff forced Gwyneth to use the last name "Dumm" at school. Defendant also asserted that officials at Gwyneth's school told him that Gwyneth did not exhibit behavior reflecting a need for attention deficit/hyperactivity disorder (ADHD) medication. Defendant alleged that Gwyneth was not responding well to the ADHD medication and attacked plaintiff for failing to seek follow-up treatment. He claimed that plaintiff's parents could testify that Gwyneth was under extreme distress arising from plaintiff's treatment and control over her. However, defendant presented no affidavits from school officials or plaintiff's parents or any

medical records or documentation from Gwyneth's physician regarding her behavior and need for medical treatment. Given the lack of evidence supporting defendant's assertions, the trial court properly determined that defendant failed to establish by clear and convincing evidence that a change in custody was in Gwyneth's best interest.

Defendant also challenges the trial court's decision to adopt the Friend of the Court (FOC) recommendation and findings of fact over his objection without conducting an evidentiary hearing. Pursuant to MCR 3.215(E)(7), "[t]he court may hear a party's objection to the referee's recommendation for an order on the same day as the referee hearing," provided that the parties are notified in advance and are given the option to refuse a same-day hearing. MCR 3.215(F)(2) governs the conduct of the judicial hearing following a party's objection to an FOC recommendation as follows:

> To the extent allowed by law, the court may conduct the judicial hearing by review of the record of the referee hearing, but the court must allow the parties to present live evidence at the judicial hearing. The court may, in its discretion:
>
> (a) prohibit a party from presenting evidence on findings of fact to which no objection was filed;
>
> (b) determine that the referee's finding was conclusive as to a fact to which no objection was filed;
>
> (c) prohibit a party from introducing new evidence or calling new witnesses unless there is an adequate showing that the evidence was not available at the referee hearing;
>
> (d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court.

MCL 552.507 also permits judicial review of FOC recommendations following the objection of a party. The statute provides in relevant part:

(4) The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party.

(5) A hearing is de novo despite the court's imposition of reasonable restrictions and conditions to conserve the resources of the parties and the court if the following conditions are met:

(a) The parties have been given a full opportunity to present and preserve important evidence at the referee hearing.

(b) For findings of fact to which the parties have objected, the parties are afforded a new opportunity to offer the same evidence to the court as was presented to the referee and to supplement that evidence with evidence that could not have been presented to the referee.

(6) Subject to subsection (5), de novo hearings include, but are not limited to, the following:

(a) A new decision based entirely on the record of a previous hearing, including any memoranda, recommendations, or proposed orders by the referee.

(b) A new decision based only on evidence presented at the time of the de novo hearing.

(c) A new decision based in part on the record of a referee hearing supplemented by evidence that was not introduced at a previous hearing.

Given that the FOC referee's recommendation was issued on the same day that the trial court hearing was conducted, we presume that defendant orally challenged the recommendation at the FOC hearing and that a judicial hearing was held on the same day pursuant to MCR 3.215(E)(7). The trial court heard argument from both parties and FOC referee Laurie Savin. Referee Savin indicated that the parties had

raised every issue currently before the court in earlier motions to the FOC and that the issues had been resolved in the past without objection from either party. Defendant asserted that Referee Savin had precluded him from presenting evidence.

However, there is no indication, besides defendant's self-serving assertions, that defendant attempted to present evidence before the FOC and was prevented from doing so. Defendant brought no evidence or affidavits to court on the day of the hearing. Rather, defendant continued to make allegations without providing any support for his claims. The trial court accepted Referee Savin's version of events and issued its order accordingly. We defer to a trial court's unique opportunity to judge the credibility of the witnesses before it and, consequently, we accept the trial court's conclusion that Referee Savin's findings and statements before the trial court were credible. MCR 2.613(C).

Further, the trial court properly considered the FOC recommendation and the testimony of Referee Savin. The Michigan Rules of Evidence do not apply to a trial court's consideration of an FOC report or recommendation that is submitted pursuant to MCL 552.505(1)(g), as in this case. MRE 1101(b)(9). In earlier versions of this court rule, the trial court was permitted to base its review solely on the FOC record only if the parties consented. *Cochrane v Brown,* 234 Mich App 129, 132; 592 NW2d 123 (1999). However, recent amendments of the statute and court rule have lifted this restriction, and the trial court is no longer prevented from considering an FOC report or recommendation if it also allows the parties to present live evidence. MCR 3.215(F)(2); MCL 552.507(5)(b), (6); 2004 PA 210. As noted earlier, defendant neither asked

to present live evidence before the trial court nor presented any documentation or affidavits to support his allegations. The October 11, 2006, hearing before the trial court satisfied the requirement in MCL 552.507(4) specifying that a trial court "shall hold a de novo hearing on any matter that has been the subject of a referee hearing" on the written request of either party or by motion of the court. Contrary to defendant's assertion on appeal, the trial court properly reviewed the FOC record and issued a proper order in reliance on the FOC recommendation.

Affirmed.