POWERY v WELLS

Docket No. 280622. Submitted February 13, 2008, at Lansing. Decided
April 8, 2008, at 9:05 a.m.

Christine L. Powery, who shared legal custody of a child with John B.
Wells, informed Wells that she intended to move with the child
from Ludington to Traverse City. Wells filed a motion in the Mason
Circuit Court, Family Division, for a change in custody. Powery
sought a modification of the then nearly equal parenting-time
arrangement. The court, Mark D. Raven, J., conducted an eviden-
tiary hearing and ultimately entered an order directing that the
residence of the child not be changed to Traverse City and
granting Wells weekly physical custody of the child during the
school year in the event that Powery chose to remain in Traverse
City. Powery appealed.

The Court of Appeals *held*:

1. The trial court did not err by holding an evidentiary
hearing. If a requested modification in parenting time amounts to
a change in the established custodial environment, it should not be
granted unless the trial court is persuaded by clear and convincing
evidence that the change would be in the best interest of the child.

2. The trial court did not err by placing on Powery the burden
of proving that the move to Traverse City is in the child's best
interest. Because Powery's requested modification of parenting
time would disrupt the established custodial order, she had the
burden of presenting the court with clear and convincing evidence
in support of the change.

3. The trial court did not err by granting Wells's motion for a
change of custody after considering the statutory best-interest
factors and determining that it would be in the child's best interest
for him to have weekly custody during the school year.

Affirmed.

PARENT AND CHILD — PARENTING TIME — CHILD CUSTODY.

A requested modification in parenting time that amounts to a
change in the established custodial environment should not be
granted unless the trial court, after conducting an evidentiary

hearing, is persuaded by clear and convincing evidence that the change would in the child's best interest (MCL 722.23; MCL 722.27[1][c]).

*Thomas C. Kates* for the plaintiff.

*Jeffrey C. Nellis* for the defendant.

Before: WILDER, P.J., SAAD, C.J., and SMOLENSKI, J.

SAAD, C.J. In this child-custody dispute, plaintiff Cynthia Lyn Powery appeals from the trial court's order directing that the residence of the parties' minor child not be changed to Traverse City and granting defendant John Braden Wells weekly physical custody of the child during the school year in the event that plaintiff chose to remain in Traverse City. We affirm.

Plaintiff says that the trial court erred in holding an evidentiary hearing because her move from Ludington to Traverse City was less than 100 miles and, therefore, was insufficient to constitute a change of circumstances warranting an evidentiary hearing on the best-interest factors of MCL 722.27(1)(c). We disagree. "[A]ll custody orders must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Mason v Simmons*, 267 Mich App 188, 194; 704 NW2d 104 (2005). Clear legal error occurs when a trial court "incorrectly chooses, interprets, or applies the law." *Id.* (citation and internal quotation marks omitted).

A party that seeks a change in custody has the initial burden of establishing, by a preponderance of the evidence, that either proper cause or a change of circumstances exists to warrant a change in custody. MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259

Mich App 499, 509; 675 NW2d 847 (2003). Thereafter, the trial court then determines whether an established custodial environment exists and analyze the best-interest factors set forth in MCL 722.23. *Id.* If the court finds that an established custodial environment exists, it may not change the established custodial environment unless it finds clear and convincing evidence that a change in custody is in the child's best interest. MCL 722.27(1)(c). See also *Dumm v Brodbeck*, 276 Mich App 460, 462; 740 NW2d 751 (2007).

Plaintiff argues that her proposed move only requires a modification of parenting time. However, "if a requested modification in parenting time amounts to a change in the established custodial environment, it should not be granted unless the trial court is persuaded by clear and convincing evidence that the change would be in the best interest of the child." *Brown v Loveman*, 260 Mich App 576, 595; 680 NW2d 432 (2004). Plaintiff does not challenge the trial court's finding that an established custodial environment existed with both parties. After making this determination, the trial court considered whether the proposed alteration to the parenting-time schedule necessitated by the proposed move amounted to a change in the established custodial environment. *Id.* at 595-596. Here, the evidence presented at the motion hearing showed that if plaintiff moved to Traverse City, either she or defendant would be relegated to the role of a "weekend" parent. Conversely, when both parties lived in Ludington, they were equally active in their daughter's life. Because any modification of "parenting time" based on this move would amount to a change in the established custodial environment, an "analysis under the best interest factor framework" was required. *Id.* Therefore, the trial court properly held an evidentiary hearing.

This same analysis also resolves plaintiff's claim that the trial court erred by placing on the plaintiff the burden of proving that the move to Traverse City is in the child's best interest. Although defendant filed the motion to change custody after plaintiff told him that she planned to make the move to Traverse City, plaintiff also requested a modification of the existing parenting-time arrangement based on her move to Traverse City. The trial court properly found that plaintiff's move to Traverse City would change the established custodial environment. Thus, it could not grant the modification without first determining whether clear and convincing evidence indicated that the change was in the best interest of the child. *Brown, supra* at 595. Because plaintiff made the move to Traverse City, which necessitated the attendant modification of parenting time, she had the burden of establishing that the existing custody arrangement should be disrupted. *Id.* "Where there is a joint established custodial environment, *neither parent's custody* may be disrupted absent clear and convincing evidence." *Sinicropi v Mazurek,* 273 Mich App 149, 178; 729 NW2d 256 (2006), citing *Foskett v Foskett,* 247 Mich App 1, 8; 634 NW2d 363 (2001) (emphasis added).

Plaintiff also maintains that the trial court erred when it granted defendant's motion for a change in custody after determining that the plaintiff had not met her burden of proof. However, because the child had an established custodial environment with both parents, plaintiff had the burden of showing that her proposed modification of the custody arrangement (specifically, moving her daughter to Traverse City) was in the child's best interest.

However, plaintiff does not address this issue in her argument on appeal. Instead, her argument focuses on

which party is best situated to do the traveling necessary to maintain the roughly equal amount of parenting time previously enjoyed by both parties. Plaintiff asserts that because defendant has a flexible work schedule, he should bear the burden of driving to Traverse City to visit the child in order to assure that any disruption to the amount of parenting time enjoyed by each party would be minimized. In other words, plaintiff's argument assumes, but does not prove, the legitimacy of her move to Traverse City. Moreover, plaintiff's argument spotlights testimony by a psychologist that the move would have an adverse effect on the child because it could disrupt the parties' time with their daughter. Accordingly, plaintiff failed to establish that the move was in the child's best interest.

The trial court modified the existing custody order by awarding weekly physical custody to defendant during the school year in the event plaintiff chose to remain in Traverse City. However, the trial court may not modify an existing custody order absent clear and convincing evidence that such a change is in the child's best interest. *Sinicropi, supra* at 178. We acknowledge that the trial court failed to include a concise, explicit statement that modifying the custody order to grant defendant weekly physical custody during the school year was in the child's best interest. Nonetheless, such a finding can easily and clearly be drawn from the trial court's written opinion. The trial court found that plaintiff's move to Traverse City constituted a change in the child's established custodial environment, because the parties would be unable to continue their arrangement of nearly equal parenting time. Consequently, there are only two possible outcomes of plaintiff's move, namely, plaintiff as weekend parent or defendant as weekend parent. The trial court expressly found that removing the child to Traverse City, where

she would lose the regular mid-week contact with defendant, "does not promote Kaylie's best interests." Logically, this means that of the two available choices, weekly custody with defendant was the option that was in the child's best interest. Furthermore, the trial court found that two of the best-interest factors enumerated in the statute favored defendant over plaintiff, and that the remainder were inapplicable or equal for the parties, with none of the factors favoring plaintiff. Factor l, MCL 722.23(l), any other factor that the court considers relevant, also weighed in defendant's favor. Clearly, the trial court found that the continuity of remaining in Ludington was preferable to the uncertainty of a move to Traverse City. These findings constitute an unmistakable finding that custody with defendant was in the child's best interest, so long as plaintiff chose to remain in Traverse City.

Affirmed.