# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE ANN WALKINHOOD, also known
as CHRISTINE ANN MCCOMB,

UNPUBLISHED
June 28, 2016

Plaintiff-Appellee,

v

No. 329467
Calhoun Circuit Court
LC No. 2007-002436-DM

GORDON JAY WALKINHOOD,

Defendant-Appellant.

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's denial of his motion to set aside the referee's recommendation that, after holding an evidentiary hearing, denied defendant's request to modify a prior order denying any parenting time or other contact with the parties' minor child. The order being appealed therefore had the practical effect of continuing to deny defendant any parenting time or contact with the child. We affirm.

The matter had its genesis in defendant being incarcerated for various acts of criminal sexual conduct involving minors, at least one of whom was 8 years old.[1] The parties' marriage ended, apparently for unrelated reasons, roughly contemporaneously with defendant's incarceration. Plaintiff initially permitted defendant telephone contact with their child until she learned the true extent of defendant's crimes, at which time she terminated all contact. The divorce order had awarded the parties joint legal and physical custody, but after defendant was incarcerated, the trial court abated his child support and entered an order[2] awarding plaintiff sole

---

[1] It is not clear from the record or any other source of information available to us precisely what defendant was convicted of, although it appears that at least one of his crimes involved breaking into a victim's home and using the victim's telephone to call a friend of the victim during the assault; others entailed indecent exposure. Apparently defendant has convictions in other states and a lengthy history of unspecified "sexual offenses," not all of which resulted in prosecution.

[2] Apparently this occurred after a referee hearing, but no transcript has been provided thereof.

physical and legal custody of the minor child and awarding defendant "parenting time at all times and places to which the parties may mutually agree."

Plaintiff did not agree to any such parenting time. While still incarcerated, defendant filed a motion seeking unlimited and unmonitored telephone communication with the child, as well as copies of "all future educational and medical information." The referee held a full evidentiary hearing, which included an in-camera interview with the child, and concluded "that parenting time between the child and his father should not be ordered, but should in fact be suspended." The trial court entered an order suspending defendant's parenting time "except as the parties may agree." Although much of defendant's brief is spent complaining about this order, defendant did not appeal it.

After defendant was released from prison, he filed a motion to modify parenting time. The referee initially stayed the motion until defendant was successfully discharged from parole, his mandatory counselling, and his tethering. After defendant's parole was over, the referee held another evidentiary hearing and again interviewed the child in camera. In an extensive and thorough bench opinion, the referee analyzed most of the statutory best-interests factors under MCL 722.23 and the custody factors under MCL 722.27a(7). The referee concluded that there was no basis for modifying the existing parenting time and custody order. Defendant promptly objected and requested a de novo hearing before the trial court. Both parties asked the trial court to read all of the transcripts, but the trial court declined to do so and entered the order denying defendant's motion to set aside the referee's recommendation. We note that after defendant filed his claim of appeal, defendant violated the order and was held in contempt for going to plaintiff's home and contacting the child.

In a custody proceeding, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. This Court reviews de novo as a question of law the nature and extent of the obligations of the trial court upon a party's objections to a referee's report. *Cochrane v Brown*, 234 Mich App 129, 131; 592 NW2d 123 (1999). Statutes are to be applied on the basis of the plain language used therein, with the goal of giving effect to the intent of the Legislature, and no construction is proper unless reasonable minds could differ as to the meaning of the words used. *Id.* Interpretation of a court rule follows the general rules of statutory construction. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). The trial court commits clear legal error by incorrectly choosing, interpreting, or applying the law; and the great weight of the evidence standard requires this Court to affirm "unless the facts clearly preponderate in the opposite direction." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010).

Defendant first argues that he did not receive the "de novo" hearing to which he was entitled. We disagree.

The trial court is required to "hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party." MCL 552.507(4). Any such de novo hearing may, however, be subject to "reasonable restrictions and conditions" provided the parties were afforded "a full opportunity to present and preserve important evidence

at the referee hearing" and the parties are permitted a full opportunity to present evidence regarding any findings of fact to which they have objected. MCL 552.507(5). Notably, plaintiff correctly points out that *defendant made no objections to any factual findings*. Defendant only stated repeatedly that he disagreed with the trial court's conclusion, and he rhetorically asked "if not now, when, [sic] is a good time for her [sic] to have a relationship with his child." At the hearing, defendant's oral argument presented nothing new and only restated in multiple ways his disagreement with the referee's conclusion.

Pursuant to MCR 3.125(F)(2), the "reasonable restrictions" contemplated by MCL 552.507(5) expressly include "prohibit[ing] a party from presenting evidence on findings of fact to which no objection was filed" and "determin[ing] that the referee's finding was conclusive as to a fact to which no objection was filed." In the absence of any factual objections, the trial court unambiguously acted properly by declining to revisit the factual portion of the proceedings before the referee. We note, however, that we *have* carefully read all of the transcripts provided to us, and although we find it unnecessary to delve into their details, we find the referee's decision more than amply supported by the evidence presented. Defendant received precisely the de novo hearing to which he was entitled.

Defendant also argues that the outcome was incorrect. As alluded to, we disagree.

Defendant's brief on appeal is long on hyperbole and short on anything else save a few out-of-context excerpts from the testimony, his tautological-at-best opinion that it is in the child's best interests to have a relationship with him, and rhetorical questions as to the potential for harm that ignore the ample evidence in the record. Defendant also fails to mention his violation of the trial court's custody order, which earned him the contempt of court finding and strongly belies his claim that he has become a new person. Indeed, there was little in his testimony that suggested he had developed the capacity to think of other people as *people* at all, and in light of the evidence of his history of fooling people, and of having lied to his counsellors, his claims to have found faith and successfully completed counselling prove nothing.

Defendant focuses on what *he* wants and how unfair or "Orwellian" the process has been *to him*, makes bald assertions that a relationship with the child is in the child's best interests as a pure tautology, and engages in rhetorical inquiries as to the possible harm—questions that we note were amply answered. The only benefits *to the child* that defendant was able to articulate at any time were vague and speculative beliefs that at some point in the future, the child might become curious about his biological father, and a heavy-handed yet poorly-articulated desire to teach the child how not to be a sex offender. The referee, reasonably, regarded these as highly suspicious, and we are inclined to agree with plaintiff's argument that they are more of a projection of defendant's own problems onto the child rather than any real understanding of the child's actual needs as reflected by the testimony of everyone else who knew the child. Defendant's contention that the referee's logic was "bootstrapping" is clearly projection: his entire argument is, in effect, that it is in the child's best interests to have a relationship with him,

therefore it is in the child's best interests to have a relationship with him.  On the basis of the evidence presented, the referee properly found otherwise, and defendant's violation of the trial court's order merely supports the conclusion that the referee was correct.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola