# STATE OF MICHIGAN

# COURT OF APPEALS

QUINTELLE SCOUT-KEATIN HAMDEN,

Plaintiff-Appellee,

v

MARTIN DEAN MARROW II,

Defendant-Appellant.

UNPUBLISHED
July 17, 2018

No. 342659
Lapeer Circuit Court
Family Division
LC No. 2016-050399-DP

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals an order denying his motion to modify parenting time. Because we agree that the trial court committed clear legal error when it refused to conduct a de novo hearing on defendant's timely request, we vacate the trial court's orders affirming its January 2, 2018 order entered pursuant to the recommendation of the Friend of the Court referee and remand to the trial court to conduct a de novo hearing pursuant to MCL 552.507 and MCR 3.215.

We review questions of law in child custody disputes for clear legal error. *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006); *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). A clear error exists "when the trial court errs in its choice, interpretation, or application of the existing law." *Shulick v Richards*, 273 Mich App 320, 323; 729 NW2d 533 (2006).

Pursuant to the Friend of the Court Act, MCL 552.501 *et seq.*, when a domestic relations motion is submitted to a referee for hearing, a party who files a timely objection to the referee's recommendation is entitled to have the matter reviewed by the trial court. MCL 552.507(4). In pertinent part, MCL 552.507(4) provides:

> The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party.

-1-

Similarly, the court rules also recognize the right to a "judicial hearing," stating,

> A party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection and notice of hearing within 21 days after the referee's recommendation for an order is served on the attorneys for the parties, or the parties if they are not represented by counsel. [MCR 3.215(E)(4).]

In *Cochrane v Brown*, 234 Mich App 129, 130-131, 133; 592 NW2d 123 (1999), the defendant moved for a change of custody and filed a timely objection to the referee's recommendation that the motion be denied, which included a request that the trial court consider further evidence. After reviewing the file and transcripts of the referee hearing, the trial court rejected the defendant's objection and denied his motion, without holding a de novo hearing. *Id*. at 131. On appeal, this Court agreed with the defendant that the trial court's failure to conduct a hearing was clear legal error. *Id*. at 134. After considering the mandate concerning de novo hearings in MCL 552.507, this Court concluded that the plain language of the statute required the trial court to conduct a *hearing* de novo, which was not satisfied by a mere de novo *review* of the record made before the referee. *Id*. at 132. This Court observed that, without the consent of the parties, the version of MCR 3.215(F)(2) in effect at the time did not permit the required hearing to be conducted exclusively on the basis of the existing record. *Id*. at 133-134.

The referee's recommendation and proposed order in this case were served upon the parties by mail on January 2, 2018. Defendant sought a de novo hearing by filing his objection to the referee's recommendation and request for a hearing on January 22, 2018. Despite defendant's timely request, the trial court rejected defendant's objections based upon its review of the record, without holding an in-person de novo hearing under MCL 552.507(4) and MCR 3.215(E)(4) and, in doing so, committed clear legal error. *Cochrane*, 234 Mich App at 134.

We acknowledge that both MCL 552.507 and MCR 3.215 were amended after *Cochrane* was decided. See 2004 PA 210 (amending MCL 552.507); MCR 3.215, as amended February 1, 2005, 472 Mich lxxxvii.[1] However, the amendments do not negate *Cochrane*'s rationale for concluding that a trial court cannot forego a properly requested de novo hearing without the benefit of a live hearing. In pertinent part, the 2004 amendment of MCL 552.507 provided further guidance regarding de novo hearings by adding the following subsections:

> (5) A hearing is de novo despite the court's imposition of reasonable restrictions and conditions to conserve the resources of the parties and the court if the following conditions are met:

---

[1] MCR 3.215 was also amended in October 2005 and November 2014, but neither of the later amendments affected the requirements for de novo or "judicial" hearings. See MCR 3.215, as amended October 25, 2005, 474 Mich ccxxiv; MCR 3.215, as amended November 26, 2014, 497 Mich clxxv.

(a) The parties have been given a full opportunity to present and preserve important evidence at the referee hearing.

(b) For findings of fact to which the parties have objected, the parties are afforded a new opportunity to offer the same evidence to the court as was presented to the referee and to supplement that evidence with evidence that could not have been presented to the referee.

(6) Subject to subsection (5), de novo hearings include, but are not limited to, the following:

(a) A new decision based entirely on the record of a previous hearing, including any memoranda, recommendations, or proposed orders by the referee.

(b) A new decision based only on evidence presented at the time of the de novo hearing.

(c) A new decision based in part on the record of a referee hearing supplemented by evidence that was not introduced at a previous hearing. [MCL 552.507(5) and (6). See also 2004 PA 210.]

Notably, the statute still provides that "the court *shall* hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party . . . ." MCL 552.507(4). The use of the term "shall" in statutory language specifies a mandatory directive, *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017), and nothing in the amended language of MCL 552.507 suggests that a trial court may disregard a party's timely request for a de novo hearing. In fact, the amended language underscores the necessity of a de novo *hearing*, as opposed to a review of the record; while Subsection (6)(a) permits the trial court to make its decision based entirely on the existing record, Subsection (5) makes it clear that the parties must be given the opportunity to present certain evidence to the court directly, subject to reasonable restrictions. MCL 552.507(5) and (6)(a).

In February 2005, MCR 3.215 was similarly amended to reflect the alterations to MCL 552.507 concerning de novo hearings. In pertinent part, the amendment replaced the former rule concerning judicial hearings with the following:

**(F) Judicial Hearings.**

(1) The judicial hearing must be held within 21 days after the written objection is filed, unless the time is extended by the court for good cause.

(2) To the extent allowed by law, the court may conduct the judicial hearing by review of the record of the referee hearing, but the court must allow the parties to present live evidence at the judicial hearing. The court may, in its discretion:

(a) prohibit a party from presenting evidence on findings of fact to which no objection was filed;

(b) determine that the referee's finding was conclusive as to a fact to which no objection was filed;

(c) prohibit a party from introducing new evidence or calling new witnesses unless there is an adequate showing that the evidence was not available at the referee hearing;

(d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court. [MCR 3.215(F)(1) and (2).]

Again, the amendment uses a mandatory term—"must"—in referring to the trial court's obligation to hold a judicial hearing if requested in the wake of a referee hearing. See *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009) ("The term 'must' indicates that something is mandatory."). That is, the trial court *must* hold a hearing within 21 days of the filing of written objections. MCR 3.215(F)(1).

Admittedly, the *Cochrane* Court also relied upon the plain language of former MCR 3.215(F)(2), which required consent from both parties before a judicial hearing could be based solely on the record from the referee hearing. *Cochrane*, 234 Mich App at 133. In contrast, under the current versions of MCL 552.507 and MCR 3.215, the trial court is not required to obtain consent to base its decision upon the existing record. See MCL 552.507(6)(a) and MCR 3.215(F)(2). See also *Dumm v Brodbeck*, 276 Mich App 460, 465; 740 NW2d 751 (2007) (observing that amendments lifted former restriction regarding decision based upon record evidence). Nonetheless, in light of the mandatory language used in both MCL 552.507 and MCR 3.215 concerning the court's duty to hold a de novo hearing in order to review matters addressed at a referee hearing, we conclude that the ruling in *Cochrane* continues to hold weight and that failure to hold a de novo hearing upon the filing of a timely request constitutes clear legal error.

Accordingly, because the trial court failed to hold a *hearing* as required by statute and court rule, we vacate the trial court's February 9, 2018 and February 12, 2018 orders concerning the court's review of defendant's objections and remand for a de novo hearing pursuant to MCL 552.507 and MCR 3.215. On remand, the trial court is free to impose restrictions upon the hearing consistent with MCL 552.507(5) and MCR 3.215(F)(2).

Defendant also argues that he should have been awarded more parenting time based on the findings of the Friend of the Court referee. However, we need not address this issue because "it stem[s] from defendant's objections to the referee's conclusions and will properly be addressed by the trial court on remand." *Cochrane*, 234 Mich App at 134.

Vacated and remanded for the trial court to hold a de novo hearing pursuant to MCL 552.507 and MCR 3.215. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell

-4-