*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOEL DAVID WATERBURY,

UNPUBLISHED
June 16, 2022

Plaintiff-Appellant,

v

No. 357300
Kent Circuit Court
LC No. 19-008178-DM

PAMELA DIANE WATERBURY,

Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

A judgment of divorce entered in March 2021, dissolved the marriage of plaintiff, Noel David Waterbury, and defendant, Pamela Diane Waterbury. Plaintiff appeals of right, challenging, among other things, the authority of a domestic relations referee to preside at a nonjury divorce trial and the adequacy of the judicial hearing after plaintiff's timely objections to the referee's recommendations. We conclude that the trial court committed clear legal error by failing to hold a live hearing at which plaintiff could present evidence, subject to the restrictions permitted by MCR 3.215(F)(2). Accordingly, we vacate the trial court's opinion affirming the recommended judgment of divorce and remand for the trial court to hold a de novo hearing in accord with MCL 552.507 and MCR 3.215.

## I. BASIC FACTS

Plaintiff filed a complaint for divorce *in propria persona* in September 2019. The parties had been married for 25 years and shared one minor child. The summons and complaint was served on defendant at her home in Fort Smith, Arkansas. Defendant obtained legal representation, answered the complaint, and moved for a temporary order. After a hearing on defendant's pending motion, the judge assigned to the case issued a temporary order that: (1) granted defendant sole physical and legal custody of the minor and allowed plaintiff reasonable parenting time; (2) ordered plaintiff to pay defendant $400 a month in child support beginning January 2020; (3) denied defendant's request for reimbursement of moving expenses, and (4) reserved the issues of spousal support and attorney fees. In a separate order, the judge referred the case to the Friend of the Court (FOC) for a child support investigation.

The parties agreed on matters regarding custody, parenting time, personal property division, spousal support, and attorney fees. In February 2021, an attorney referee presided at a nonjury trial to resolve remaining issues regarding child support and the division of a marital tax debt, and defendant's request for the reimbursement of certain expenses. After hearing testimony, the referee concluded that he would divide the marital tax debt equally, award defendant $1,700 in moving expenses, and make February 1, 2021 the effective date of plaintiff's newly calculated child support obligation. The referee did not credit plaintiff for payments made toward the tax debt during the pendency of the divorce action, and he denied defendant's request for reimbursement of certain expenses related to the parties' minor child. Plaintiff's lawyer prepared a proposed judgment of divorce and uniform child support order consistent with the referee's rulings and filed it with the court for review. Thereafter, the referee signed the proposed judgment of divorce and uniform child support order on March 29, and the judge assigned to the case signed and filed the documents the next day.

Plaintiff objected to the proposed judgment's provisions regarding defendant's moving expenses, the marital tax debt, and child support. Plaintiff opposed paying moving expenses on various grounds, sought a $1,930 credit for payments that he made on the marital tax debt during the pendency of the divorce action, and advocated for retroactive modification of his child support obligation to December 1, 2019. The trial court denied plaintiff's objection on the basis of untimeliness, explaining that plaintiff's objections had to be filed within 21 days of the notice of presentment and that, once the court signed the judgment on March 30, it became the final order in this case. Plaintiff moved for reconsideration, raising for the first time his argument that it was improper for the referee to oversee a divorce trial and stating that he was willing to waive his challenge to this procedure on "receiving judicial review of the referee's decision." The trial court granted plaintiff's motion for reconsideration, acknowledged that plaintiff's objections to the referee's recommended judgment had been properly filed and noticed, and set aside the court's order that had denied plaintiff's objections. The court then stated that a de novo hearing had been ordered, and, without holding a live hearing, concluded as follows:

> 1. Per MCL 552.507(5)(a), both parties have been given a full opportunity to present and preserve important evidence at the referee hearing.

> 2. Per MCL 552.507(6)(a), this Court's decision is based entirely upon the record of the previous Court hearing, including any memoranda, recommendation, or proposed orders by the Referee.

> Accordingly, the Recommended Judgment of Divorce dated March 30, 2021 is AFFIRMED.

This appeal followed.

## II. DE NOVO HEARING

### A. STANDARD OF REVIEW

Plaintiff contends that the trial court erred by not conducting a live judicial hearing after he timely objected to the referee's recommended judgment of divorce and uniform support order.

Whether the trial court properly conducted a hearing de novo following plaintiff's objections depends on the interpretation of MCL 552.507(4), which is a question of law that this Court reviews de novo. See *Cochrane v Brown*, 234 Mich App 129, 131; 592 NW2d 123 (1999).

## B. ANALYSIS

MCL 552.507 provides in relevant part:

> (4) The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party.

> (5) A hearing is de novo despite the court's imposition of reasonable restrictions and conditions to conserve the resources of the parties and the court if the following conditions are met:

> (a) The parties have been given a full opportunity to present and preserve important evidence at the referee hearing.

> (b) For findings of fact to which the parties have objected, the parties are afforded a new opportunity to offer the same evidence to the court as was presented to the referee and to supplement that evidence with evidence that could not have been presented to the referee.

Similarly, the court rules provide that "[a] party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order . . . ." MCR 3.215(E)(4). MCR 3.215(F)(2) governs the conduct of the judicial hearing, providing in relevant part:

> To the extent allowed by law, the court may conduct the judicial hearing by review of the record of the referee hearing, but the court must allow the parties to present live evidence at the judicial hearing. The court may, in its discretion:

> (a) prohibit a party from presenting evidence on findings of fact to which no objection was filed;

> (b) determine that the referee's finding was conclusive as to a fact to which no objection was filed;

> (c) prohibit a party from introducing new evidence or calling new witnesses unless there is an adequate showing that the evidence was not available at the referee hearing;

> (d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court.

Pursuant to MCL 552.507(4), if a party timely objects to a referee's recommendation, the trial court "shall hold a de novo hearing." This Court has interpreted the use of "shall" in statutory language as specifying a mandatory directive. *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017). This Court has also construed "hearing" as requiring more than mere de novo review of the record created by the referee. See *Cochrane*, 234 Mich App at 132. The court may conduct the hearing by review of the record of the referee hearing, MCL 552.507(6)(a),[1] but the court must allow the parties to present evidence, subject to the restrictions permitted by MCR 3.215(F)(2). MCL 552.507(5); see *Dumm v Brodbeck*, 276 Mich App 460, 465; 740 NW2d 751 (2007) (indicating that the trial court is permitted to consider the FOC report or recommendation "if it also allows the parties to present live evidence").

Defendant argues that the trial court was not required to conduct a live hearing because plaintiff did not identify new evidence that he intended to present. The plain language of MCL 552.507(4) does not support this position. As already indicated, § 507(4) requires a trial court to hold a *hearing*, not simply a review of the record created at the referee hearing. See *Cochrane*, 234 Mich App at 132. A court may impose reasonable restrictions "to conserve the resources of the parties and the court" if the conditions in § 507(5) are met, but the court's ability to limit the evidence presented at a de novo hearing does not stand for the proposition that the court can do away with the hearing altogether unless the party requesting the hearing intends to present new evidence.

We conclude that, because plaintiff filed timely objections to the referee's recommended judgment of divorce and asked for a judicial hearing, he was entitled to a live hearing at which he could present evidence, subject to the trial court's reasonable restrictions. See MCR 3.215(F)(2). The trial court was permitted to render its decision on the basis of the referee's record, but it was required by statute and court rule to allow the parties to appear and present evidence, subject to certain restrictions. MCL 552.507(5); MCL 552.507(6); MCR 3.215(F)(2); see also *Dumm*, 276 Mich App at 465. Failure to provide such a hearing constituted clear legal error. Therefore, we vacate the trial court's order of May 14, 2021, and remand to the trial court to hold a de novo hearing pursuant to MCL 552.507 and MCR 3.215(F)(2). Given our disposition of this issue, we need not consider plaintiff's other challenges to the referee's recommendations.

Vacated and remanded for a de novo hearing in accord with MCL 552.507 and MCR 3.215(F)(2). We do not retain jurisdiction. Plaintiff may tax costs as the prevailing party. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

[1] MCL 552.507(6) provides in relevant part that, "[s]ubject to subsection (5), de novo hearings include, but are not limited to . . . [a] new decision based entirely on the record of a previous hearing, including any memoranda, recommendations, or proposed orders by the referee."