*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTEN RAETH RENE-POLLARD,

        Plaintiff-Appellant,

v

TIMOTHY W. POLLARD,

        Defendant-Appellee.

UNPUBLISHED
November 22, 2022

No. 361247
Washtenaw Circuit Court
LC No. 16-002646-DM

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Kristen Raeth Rene-Pollard, appeals by right the trial court's order adopting with modification the referee's findings and recommendations and denying her requests for sole custody and a change of domicile. Because we conclude that the trial court erred when it denied plaintiff's request for a de novo hearing on the referee's findings, we vacate the trial court's order and remand for the trial court to hold a de novo hearing.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant Timothy W. Pollard married in Colorado in December 2011. Plaintiff had a child, CRP, in 2005 with a previous partner. The parties had two children together: ZRP, who was born in 2011, and ORP, who was born in 2014. Defendant formally adopted CRP in 2012. The parties had a tumultuous relationship that included one separation before they moved to Ann Arbor, Michigan.

In 2016, plaintiff sued defendant for divorce. The trial court entered a judgment of divorce in July 2017, which awarded joint legal and physical custody of the children to both parties. The children, however, resided with plaintiff for approximately two-thirds of the time. The parties litigated numerous disputes over parenting time, child support, and various claims that defendant abused or neglected the children.

After the divorce, plaintiff became engaged to a man who lived in her home state of Minnesota. She took the children to live there during extended stays in 2020. Defendant believed

that plaintiff violated the court's order by moving the children to Minnesota and, in October 2020, he petitioned for sole custody of the children. The trial court ordered plaintiff to return the children to Michigan by December 14, 2020, and the parties mediated some of their disputes by March 2021. Plaintiff formally moved for permission to change the children's domicile to Minnesota in April 2021. She also petitioned for sole custody of the children. These issues were referred to a Friend of the Court referee by the trial court.

Between June and October 2021, the referee held seven days of hearings. The referee ultimately determined that neither party had established grounds for changing custody and that plaintiff had not established her intended move to Minnesota was in the best interests of the two youngest children, ZRP and ORP. The referee did agree with plaintiff, however, that it was appropriate to change CRP's domicile to Minnesota. Accordingly, in relevant part, the referee recommended that the trial court deny the parties' requests to change custody, deny plaintiff's request to change the domicile of the two youngest children, and grant the request to change CRP's domicile.

Plaintiff objected to the referee's recommendations in November 2021 and requested a de novo hearing with the trial court, including a request to present the testimony of a proposed expert witness on domestic violence. The court held a hearing on the objections in February 2022 in which it stated it would review the record but otherwise made no findings or conclusions. The trial court did not hold a subsequent hearing to hear the expert witness's testimony, but instead issued an order stating it "review[ed] the recommendations de novo" and adopted the referee's recommendations, with some modifications. The trial court entered orders consistent with the recommendations on the same day. This appeal followed.

## II. STANDARD OF REVIEW

The issue of whether the trial court properly held a de novo hearing is a question of law that this Court reviews de novo. *Butters v Butters*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 359665), slip op at 2, citing *Cochrane v Brown*, 234 Mich App 129, 131; 592 NW2d 123 (1999).

## III. DISCUSSION

Plaintiff contends that the trial court erred when it refused to hold a de novo hearing to allow her to present testimony from her expert witness. We agree.

Under MCL 552.507(4), the trial court "shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court."[1] The trial court complies with this request "despite the court's imposition of reasonable restrictions and conditions" provided that the following two conditions have been met: (1) "[t]he parties have been given a full opportunity to present and preserve important evidence at the referee hearing," and (2) "[f]or findings of fact to which the parties have objected, the parties are afforded

---

[1] A "de novo hearing" is defined as "a new judicial consideration of a matter previously heard by a referee." MCL 552.502(k).

a new opportunity to offer the same evidence to the court as was presented to the referee and to supplement that evidence with evidence that could not have been presented to the referee." MCL 552.507(5).

By court rule, the trial court may "conduct the judicial hearing by review of the record of the referee hearing, but the court must allow the parties to present live evidence at the judicial hearing." MCR 3.215(F)(2); see also *Dumm v Brodbeck*, 276 Mich App 460, 465; 740 NW2d 751 (2007) (stating that the trial court is permitted to consider the referee's recommendation "if it also allows the parties to present live evidence"). Notwithstanding that requirement, the court has the discretion to:

> (a) prohibit a party from presenting evidence on findings of fact to which no objection was filed;
>
> (b) determine that the referee's finding was conclusive as to a fact to which no objection was filed;
>
> (c) prohibit a party from introducing new evidence or calling new witnesses unless there is an adequate showing that the evidence was not available at the referee hearing;
>
> (d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court. [MCR 3.215(F)(2)(a)-(b).]

In *Butters*, we explained that consistent with MCL 552.507, the trial court is obligated to hold a hearing and may not simply rely on the record from the referee:

> Under MCL 552.507(4), if a party timely objects to a referee's recommendation, the trial court "shall hold a de novo hearing." This Court has interpreted the use of "shall" in statutory language as specifying a mandatory directive. *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017). This Court has also construed "hearing" as requiring more than mere de novo review of the record created by the referee. See *Cochrane*, 234 Mich App at 132. The trial court may ultimately arrive at a new decision "based entirely on the record of a previous hearing, including any memoranda, recommendations, or proposed orders by the referee," MCL 552.507(6)(a), but the court must allow the parties to present live evidence, subject to the restrictions permitted by MCR 3.215(F)(2). [*Butters*, ___ Mich App at ___; slip op at 4.]

In the present case, the trial court did conduct a hearing on plaintiff's objections. At the hearing, the court asked whether the parties had any evidence that they "were not able to present at the time of the hearing[.]" Plaintiff responded that the only witness she was unable to present during the referee's hearing was an "expert on domestic abuse," claiming the referee refused to admit the expert's testimony because of time restraints. The proposed expert, Rebecca Shiemke, was purportedly relevant to plaintiff's argument that she be awarded sole legal custody of the children.

Aside from Shiemke's testimony, plaintiff stated that she otherwise had a full and fair opportunity to present her evidence to the referee. At the hearing, the trial court neither granted nor denied plaintiff's request to present the new witness, stating it would review the record involving the proposed expert to determine whether it was necessary to take the witness's testimony. The trial court subsequently issued its order adopting the referee's recommendations without holding another hearing. In its order, the court stated it "review[ed] the recommendation de novo and finds that the referee conducted an exhaustive hearing where the parties were each able to present their desired evidence." It is unclear to this Court how the trial court arrived at this conclusion. Plaintiff explicitly objected to the referee's recommendation because she was not permitted to offer Shiemke's testimony.

Assuming the trial court did not simply overlook the issue and, in fact, meant to deny plaintiff's request to present Shiemke's testimony at a de novo hearing, we note that the trial court's discretion to deny a party the right to present testimony at such a hearing is not unlimited under MCR 3.215(F)(2). Plaintiff objected to the referee's findings with respect to the issue of custody of the children; thus, MCR 3.215(F)(2)(a) and (b), which allow the court to disallow presentation of new evidence and adopt recommendations without a hearing *when no objection is made*, do not apply. Moreover, our review of the record shows that plaintiff was prepared to offer Shiemke's testimony to the referee but could not. Therefore, there was an "adequate showing that the evidence was not available at the referee hearing." MCR 3.215(F)(2)(c).

To the extent the trial court denied plaintiff's request to hold a de novo hearing and present Shiemke's testimony because it sought to "impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court," MCR 3.215(F)(2)(d), we cannot affirm the court's order on this basis without explicit findings as to why the court believed such a decision was "reasonable" under the circumstances. While the referee had reservations as to whether Shiemke qualified as an expert witness, the referee made no explicit ruling on the issue and also stated that the testimony would not be allowed because of time constraints. For its part, the trial court did not undertake any further investigation of the issue other than to state that it would review the transcript of the referee hearings.

Because the trial court erred when it failed to hold a de novo hearing, we decline to address the other issues raised by plaintiff in her appeal to this Court, as those issues may be resolved in the first instance after the trial court properly conducts a de novo hearing consistent with MCL 552.507 and MCR 3.215.

Vacated and remanded for further proceedings consistent with this opinion. This court retains jurisdiction.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

-4-

# Court of Appeals, State of Michigan

# ORDER

Kristen R Rene-Pollard v Timothy W Pollard

Docket No. 361247

LC No. 16-002646-DM

Noah P. Hood
Presiding Judge

Kathleen Jansen

Kirsten Frank Kelly
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall be completed within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, this matter is remanded for the trial court to hold a de novo hearing. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings, on remand shall be prepared and filed within 21 days after completion of the proceedings.

Appellant may file a supplemental brief pertaining to the issue on remand within 21 days after entry of the circuit court's order deciding the matter or 21 days after the transcript of the hearing is filed, whichever is later. Appellee may file a supplemental brief in response within 21 days after respondent files his supplemental brief.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

November 22, 2022
Date

Chief Clerk