*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EVIN MELAHAT TAS,

        Plaintiff-Appellant,

v

NOAH KAYE,

        Defendant-Appellee.

UNPUBLISHED
January 19, 2023

No. 361446
Ingham Circuit Court
Family Division
LC No. 20-001893-DM

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Evin Melahat Tas and Noah Kaye have been embroiled in turbulent divorce and custody proceedings since 2020. A final order has yet to enter but Tas filed a claim of appeal from the trial court's April 27, 2022 order awarding the parties joint physical and legal custody. We determined to consider this appeal as on leave granted, *Tas v Kaye*, unpublished order of the Court of Appeals, entered December 21, 2022 (Docket No. 361446). We now affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties met in Turkey in 2017, when Kaye travelled there for work. They wed in December 2018, shortly after learning that Tas was pregnant, and Tas moved to Michigan with Kaye. The couple's son, YK, was born in July 2019. The parties' relationship deteriorated and they separated in March 2020. Tas accused Kaye of verbal abuse and of acting aggressively toward her. Kaye later accused Tas of hitting him and ripping his shirt. Witnesses corroborated Kaye's outbursts, threats, and insults toward Tas.

Tas filed for divorce in September 2020 and contemporaneously filed an ex parte motion for sole custody. In support of her motion, Tas cited several examples of alleged domestic abuse and Kaye's threats to take YK. Based solely on the allegations in the ex parte motion, the trial court granted Tas sole custody and permitted Kaye one hour of supervised parenting time each week. The matter thereafter was referred to the Friend of the Court (FOC). During the screening process, an FOC investigator identified "[d]omestic abuse issues" and determined that YK's established custodial environment was with his mother. In November 2020, the parties stipulated

to Kaye exercising parenting time from Thursday to Friday one week and Thursday to Sunday the following week.

In February 2021, Kaye sought an order for joint physical custody with equal parenting time. The trial court referred the matter to the FOC for alternative dispute resolution (ADR). Following ADR, an FOC referee erroneously determined that a full hearing was not required on Kaye's motion because the parties previously had stipulated to a temporary custody order. The referee compounded this error by limiting the evidence to the period of time between the stipulated order and the hearing, but later stated that the evidence could extend back to the September 2020 divorce complaint. At another point, the referee granted Tas leeway to testify about Kaye's patterns of behavior throughout the marriage.

The referee ultimately determined that no proper cause or change of circumstances warranted changing custody, and made recommended findings on the best-interest factors of MCL 722.23. Kaye objected to the referee's recommended order, arguing both that the referee had improperly determined that the hearing was not the initial hearing and that she had inappropriately weighed some of the best-interest factors. Tas did not object, but she argued at the de novo hearing before the trial court that if the court determined that the hearing had not been the initial hearing, then she should be allowed to present additional evidence.

The trial court determined that the referee erred by holding that the parties' hearing was not an initial custody hearing and that Kaye had to establish proper cause or a change of circumstances to revisit the child's custody. It found that the child had an established custodial environment with both parties, made findings regarding the best-interest factors, and ultimately granted joint physical and legal custody and equal parenting time to both parties.

Tas appeals.

## II. PROPRIETY OF ADR

Tas first contends that she is entitled to a new custody hearing because as she alleged domestic abuse, the matter should not have been submitted for ADR in the FOC. Because we have decided that a new hearing is required on remand, we decline to further address this issue.

## III. JUDICIAL REVIEW HEARING

Tas raises interrelated arguments that she was precluded from presenting additional testimony to show that YK had an established custodial environment with only her rather than both parties, which subsequently affected the court's findings on the statutory best-interest factors. She also argues that trial court committed clear legal error by holding her attempt to protect YK from domestic violence against her.

We must affirm a trial court's custody decisions unless its factual findings were against the great weight of the evidence, it palpably abused its discretion, or it made a clear legal error on a major issue. MCL 722.28. A factual finding is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction. *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010).

As an initial matter, we reject Kaye's argument that Tas waived review of these issues. A party waives an issue by taking a position before the lower court that is contrary to the position the party takes on appeal. *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014). Before the referee, Tas argued that the hearing was in fact the initial hearing, and before the trial court, she argued that if the referee had erred in this ruling, then she should be allowed to present additional evidence. Tas's positions have not been inconsistent.

Tas contends that the trial court committed clear legal error by basing its determination only on the evidence presented at the FOC evidentiary hearing, and contests at least one of the court's best-interest findings. Because the court did not follow the statutory framework governing custody disputes, we must remand for a de novo custody hearing. At the hearing, the parties may rely on evidence and testimony previously presented to the court. However, the parties must also be permitted to expand the previous record.

After entering the ex parte order placing the child in Tas's sole custody, the court was required to expeditiously conduct a custody hearing pursuant to MCL 722.27(1)(c). "[W]hile a trial court has the authority to enter an *ex parte* interim order concerning parenting time, see MCL 722.27a(12), it may not enter such an order if it also alters the child's established custodial environment without first making the findings required by MCL 722.27(1)(c)." *Daly v Ward*, 501 Mich 897, 898; 901 NW2d 897 (2017). The court skipped this step, sending the parties first to ADR. Eventually, the FOC referee conducted an evidentiary hearing. But the referee limited the evidence that could be presented, and Tas requested a de novo hearing. When the circuit court conducted a hearing it designated as "de novo," it relied on the truncated hearing conducted by the referee in rendering its factual findings and refused to entertain additional proofs.

Under MCL 552.507(4), if a party timely objects to a referee's recommendation, the circuit court "shall hold a de novo hearing." This Court has interpreted the use of "shall" in statutory language as specifying a mandatory directive. *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017). This Court has also construed "hearing" as requiring more than mere de novo review of the record created by the referee. See *Cochrane v Brown*, 234 Mich App 129, 132; 592 NW2d 123 (1999). The court ultimately may arrive at a new decision "based entirely on the record of a previous hearing, including any memoranda, recommendations, or proposed orders by the referee," MCL 552.507(6)(a), but the court must allow the parties to present live evidence, subject to the restrictions permitted by MCR 3.215(F)(2).

Accordingly, we must remand for a de novo evidentiary hearing regarding the child's custody. At the hearing, the court must reevaluate the child's established custodial environment and the best-interest factors based upon up-to-date information in existence at the time of the evidentiary hearing. The parties may stipulate to the use of prior evidence, and may call new witnesses or recall witnesses who previously testified.

We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica

-3-