*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RACHEL ANNE BUTTERS,

      Plaintiff-Appellant,

v

PATRICK LEE BUTTERS,

      Defendant-Appellee.

FOR PUBLICATION
July 28, 2022
9:10 a.m.

No. 359665
Kent Circuit Court
LC No. 15-000548-DM

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

In this postjudgment custody matter, defendant, Patrick Lee Butters, moved for a change in custody of the parties' two minor children. After an evidentiary hearing held over four days, the referee recommended granting the motion. Plaintiff, Rachel Anne Butters, filed a timely objection to the recommendation. After reviewing the record the referee created, but without holding a de novo hearing, the trial court denied plaintiff's objection in an order issued December 7, 2021. For the reasons we explain, the trial court committed clear legal error by failing to hold a live hearing at which plaintiff could present evidence, subject to certain restrictions permitted by the court rules. Accordingly, we vacate the trial court's December 7, 2021 order denying plaintiff's objections and affirming the referee's recommended order, and remand for the trial court to hold a de novo hearing under MCL 552.507 and MCR 3.215.

We address two additional issues that will arise on remand. The evidence adduced at the evidentiary hearing clearly preponderates against the referee's finding that the children no longer had an established custodial environment with plaintiff. On remand, the trial court should apply the best-interest factors under the clear and convincing evidence standard. Further, we vacate the $15,000 parenting-time bond imposed by the trial court.

## I. PERTINENT FACTS AND PROCEEDINGS

The parties were married in August 2009. A judgment of divorce dissolving their marriage was entered in December 2015. The marriage produced two children. The judgment of divorce gave the parties joint legal custody of the children, with plaintiff having primary physical custody. In January 2021, defendant moved for a change in custody, seeking primary physical custody and

sole legal custody. After an evidentiary hearing held over four days, the presiding referee issued a recommended opinion and order granting defendant's motion. The referee found that the children's established custodial environment was with defendant and that defendant had proved by a preponderance of the evidence that the proposed change in custody was in the best interests of the children. The referee recommended awarding plaintiff supervised parenting time and requiring her to post a $15,000 bond. See MCL 722.27a(9)(g).

Plaintiff filed a timely objection to the referee's recommendations and asked for a de novo hearing. The trial court initially denied plaintiff's objection on the basis of formatting violations. Plaintiff's document violated the court rules governing font size, body text spacing, and margins. See MCR 1.109(D)(1); MCR 2.119(A)(2)(c). The document's font was smaller than allowed, the lines of its body text were closer together than allowed, and its margins were narrower than allowed. In addition, plaintiff's attachments violated the requirement that transcripts "must contain only a single transcript page per document page, not multiple pages combined on a single document page." MCR 1.109(D)(1)(a). The trial court deemed the formatting of plaintiff's document a clear attempt to "subvert the 20-page limit" without having sought leave of the court to exceed 20 pages.

The trial court also denied plaintiff's objection and affirmed the referee's recommended order because the court found none of plaintiff's arguments persuasive and none of the referee's findings of fact or conclusions of law incorrect. The trial court observed that both parties had a full opportunity to present their cases to the referee over the four-day hearing; plaintiff had presented her arguments to the referee; and the parties had an opportunity to present their closing arguments in written form. The trial court said that it reviewed the "voluminous transcripts, evidence and filings in this matter," as well as the referee's "extremely detailed and thorough opinion," and noted that the referee was "able to observe the various witnesses called by each party and [was] particularly suited to judge credibility." On the basis of this review of the record, the trial court determined that plaintiff "failed to show any evidence or witnesses that were unavailable during the four-day hearing." Therefore, the trial court found "no good cause to allow any additional testimony or evidence in the record." The trial court denied plaintiff's request for a de novo hearing and affirmed the referee's recommended order. This appeal followed.

## II. DISCUSSION

### A. PLAINTIFF'S REQUEST FOR A DE NOVO HEARING

Plaintiff argues that the trial court's denial of her objections to the formatting violations was improper and prejudicial. Plaintiff also argues that the trial court committed clear legal error by declining to conduct a de novo judicial hearing after plaintiff timely filed objections to the referee's recommended order. We agree.

Whether the trial court properly conducted a hearing de novo following plaintiff's objection to the referee's recommendation depends on the interpretation of MCL 552.507(4), which is a question of law that this Court reviews de novo. See *Cochrane v Brown*, 234 Mich App 129, 131; 592 NW2d 123 (1999).

The trial court denied plaintiff's request for a de novo hearing for two reasons. First, the trial court denied the objection because the formatting of plaintiff's objection gave the appearance of compliance with the court rules while actually violating requirements pertaining to font size, margins, spacing, and attachments. The trial court also denied plaintiff's objection on the grounds that the parties had a full opportunity to present their arguments to the referee, plaintiff had not identified any new evidence or witnesses that had not been available at the referee hearing, and that, after review of the record, the trial court found no errors in the referee's findings of fact and conclusions of law.

Plaintiff's formatting violations were not a proper basis for denying plaintiff's objection and request for a de novo hearing. MCR 1.109(D)(6) authorizes a clerk of the court to reject nonconforming documents in accordance with MCR 8.119. MCR 8.119(C) states, in relevant part, that a clerk of the court may reject documents submitted for filing that do not comply with MCR 1.109(D)(1) and (2).

In the present case, the clerk of the court did not reject the filing. Plaintiff's objections were accepted and filed on October 4, 2021, and a hearing on the objection was scheduled for October 15. Even after the October 15 hearing was not held, and the register of actions indicated that the matter was "to be reviewed," there is no record evidence that plaintiff's objection was in danger of being denied on the basis that it was nonconforming. Accordingly, plaintiff was justified in believing that the trial court had accepted her timely filed objection and request for a de novo hearing and that the trial court would decide the matter on the merits. Defendant cites no authority, nor have we found any, that allows a court to deny a motion or objection to a referee's recommendation and order on the basis of formatting without some kind of notice to the party. Furthermore, the court rule upon which the trial court relied allows the clerk of the court to reject a filing on the basis of formatting errors. That did not occur in this case, and the rule does not give additional authority to the court to reject a party's objections on the basis of formatting errors after the clerk has accepted the document for filing.

The trial court also erred by denying plaintiff's request for a de novo hearing. MCL 552.507 provides in relevant part:

> (4) The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party.

> (5) A hearing is de novo despite the court's imposition of reasonable restrictions and conditions to conserve the resources of the parties and the court if the following conditions are met:

> (a) The parties have been given a full opportunity to present and preserve important evidence at the referee hearing.

> (b) For findings of fact to which the parties have objected, the parties are afforded a new opportunity to offer the same evidence to the court as was presented

to the referee and to supplement that evidence with evidence that could not have been presented to the referee.

Similarly, the court rules provide that "[a] party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order . . . ." MCR 3.215(E)(4). MCR 3.215(F)(2) governs the conduct of the judicial hearing, providing in relevant part as follows:

> To the extent allowed by law, the court may conduct the judicial hearing by review of the record of the referee hearing, but the court must allow the parties to present live evidence at the judicial hearing. The court may, in its discretion:
>
> (a) prohibit a party from presenting evidence on findings of fact to which no objection was filed;
>
> (b) determine that the referee's finding was conclusive as to a fact to which no objection was filed;
>
> (c) prohibit a party from introducing new evidence or calling new witnesses unless there is an adequate showing that the evidence was not available at the referee hearing;
>
> (d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court.

Under MCL 552.507(4), if a party timely objects to a referee's recommendation, the trial court "shall hold a de novo hearing." This Court has interpreted the use of "shall" in statutory language as specifying a mandatory directive. *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017). This Court has also construed "hearing" as requiring more than mere de novo review of the record created by the referee. See *Cochrane*, 234 Mich App at 132. The trial court may ultimately arrive at a new decision "based entirely on the record of a previous hearing, including any memoranda, recommendations, or proposed orders by the referee," MCL 552.507(6)(a), but the court must allow the parties to present live evidence, subject to the restrictions permitted by MCR 3.215(F)(2). MCL 552.507(5)(b); see *Dumm v Brodbeck*, 276 Mich App 460, 465; 740 NW2d 751 (2007) (indicating that the trial court is permitted to consider the Friend of the Court report or recommendation "if it also allows the parties to present live evidence").

Defendant argues that the trial court was not required to conduct a live hearing because plaintiff did not identify new evidence that she intended to present. The plain language of MCL 552.507(4) does not support this position. As already indicated, § 507(4) requires a trial court to hold a *hearing*, not simply a review of the record created at the referee hearing. See *Cochrane*, 234 Mich App at 132. A trial court may impose reasonable restrictions "to conserve the resources of the parties and the court," MCL 552.507(5), if the conditions in § 507(5) are met, but the trial court's ability to limit the evidence presented at a de novo hearing does not stand for the proposition that the court can do away with the hearing altogether unless the party requesting the hearing intends to present new evidence.

We conclude that, because plaintiff filed timely objections to the referee's recommended opinion and order and asked for a judicial hearing, she was entitled to a live hearing at which she could present evidence, subject to the trial court's reasonable restrictions. See MCR 3.215(F)(2). The trial court was permitted to render its decision on the basis of the referee's record, but it was required by statute and court rule to allow the parties to appear and present evidence, subject to certain restrictions. MCL 552.507(5); MCL 552.507(6); MCR 3.215(F)(2); see also *Dumm*, 276 Mich App at 465. Failure to provide such a hearing constituted clear legal error. Therefore, we vacate the trial court's order of December 7, 2021, and remand to the trial court to hold a de novo hearing under MCL 552.507 and MCR 3.215(F)(2).

## B. THE ESTABLISHED CUSTODIAL ENVIRONMENT

Before making a custody determination, the trial court must determine whether an established custodial environment exists with one or both parents. *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). This "is an intense factual inquiry." *Foskett v Foskett*, 247 Mich App 1, 6; 634 NW2d 363 (2001).

> An established custodial environment is one of significant duration in which a parent provides care, discipline, love, guidance, and attention that is appropriate to the age and individual needs of the child. It is both a physical and psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence. [*Berger v Berger*, 277 Mich App 700, 706; 747 NW2d 336 (2008).]

"An established custodial environment may exist with both parents where a child looks to both . . . for guidance, discipline, the necessities of life, and parental comfort." *Id*. at 707.

Determining a child's established custodial environment is a pivotal step because it dictates the burden of proof. If a proposed change would modify the child's established custodial environment, the proponent must demonstrate by clear and convincing evidence that the proposed change is in the child's best interests. *Pierron v Pierron*, 486 Mich 81, 92; 782 NW2d 480 (2010). If the proposed change would not modify the established custodial environment, the proponent need only demonstrate by a preponderance of the evidence that the proposed change is in the child's best interests. *Id*. at 92-93. If a child has an established custodial environment with both parents, "neither parent's custody may be disrupted absent clear and convincing evidence" that the change is in the child's best interests. *Powery v Wells*, 278 Mich App 526, 529; 752 NW2d 47 (2008) (cleaned up).

In determining an established custodial environment, the focus must remain on the *children's* perceptions of their relationships with the parents. *Pierron*, 486 Mich at 92. The record evidence supports that before and after plaintiff's brief admission to Pine Rest, plaintiff provided the children with guidance, discipline, and the necessities of life, and the children looked to her to fulfill their needs. The referee acknowledged that until that brief hospitalization, the children looked to plaintiff for guidance and comfort, and that plaintiff was actively involved in their care. The referee erred, however, by injecting into the established custodial environment equation his view that after the hospitalization, plaintiff "engaged in conduct that has called into question her ability to provide guidance, discipline, and the necessities of life." This finding is relevant to the

children's best interests, but is not determinative of their established custodial environment. Rather, at this initial stage in a custody evaluation, the court's analysis centers on the permanence and stability of the children's relationship to the parent. Here, the evidence revealed that the children lived primarily with plaintiff until her hospitalization and after her discharge continued to look to her for parental support and comfort.

Because the children had an established custodial relationship with both parents, on remand the trial court must determine whether defendant can establish that modification of the previous custody order is in the children's best interests by applying the clear and convincing evidence standard. Additionally, the court "should consider up-to-date information, including the children's current and reasonable preferences," and must also bear in mind our Supreme Court's admonition that events that have taken place during the appellate process do not alter the clear and convincing standard of proof. *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994).

## C. THE PARENTING-TIME BOND

After the evidentiary hearing concluded, the referee ordered plaintiff to post a $15,000 bond with the court "to assure future compliance with Court Orders." This Court stayed enforcement of the bond requirement pending appeal. *Butters v Butters*, unpublished order of the Court of Appeals, entered February 4, 2022 (Docket No. 359665). We now vacate the bond.

MCL 722.27a(9)(g) provides that a parenting-time order "may contain any reasonable terms or conditions that facilitate the orderly and meaningful exercise of parenting time," including "that a party post a bond to assure compliance with a parenting time order." This provision must be interpreted in harmony with MCL 722.27a(3), which provides that "[a] child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health."

A fit parent also enjoys a constitutional right to actively participate in her children's' upbringing. *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009). This right may be withdrawn only when clear and convincing record evidence demonstrates that parenting time "would endanger the child's physical, mental, or emotional health." MCL 722.27a(3). Because the liberty interests at stake when a court seeks to limit or deny parenting time or custody are powerful, "to satisfy constitutional due process standards, the state must provide the parents with fundamentally fair procedures." *Hunter*, 484 Mich at 257 (quotation marks and citation omitted). As our Supreme Court acknowledged in *Hunter*, which also arose from a child custody dispute, "where the parental interest is most in jeopardy, due process concerns are most heightened." *Id.* at 269.

To protect the rights of parents and their children, a "reasonable" term or condition intended to facilitate parenting time, including a bond, must take into account individual circumstances, including a parent's ability to meet the bond requirements. This calculation should include a determination of whether a parent's inability or difficulty in posting a bond would

preclude a parent's ability to engage in parenting time.[1] The referee's bond order was not accompanied by any analysis of plaintiff's income, the reasons supporting a bond as opposed to other methods of ensuring compliance with court orders, or plaintiff's ability to post a $15,000 bond.

If on remand the court determines that bond is the only method of facilitating "the orderly and meaningful exercise of parenting time," the touchstone is reasonableness. This will require an analysis of plaintiff's income and expenses, and the practical impediments, if any, to obtaining a parenting-time bond. In conducting this review, the court must not lose sight of plaintiff's constitutional right to regularly visit her children, even if she is no longer their primary custodian, and that the purpose of a bond is to *promote* both parties' ability to parent their children.

We vacate the trial court's December 7, 2021 order and remand for a de novo hearing in accord with MCL 552.507 and MCR 3.215(F)(2), at which defendant must present clear and convincing evidence to support his position. We further vacate the $15,000 parenting-time bond. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[1] Our review of the caselaw regarding parenting-time bonds reveals that they are frequently used when there is a danger that a parent will abscond with a child. See Child Custody Practice & Procedure (June 2022), § 6.25. That risk is not present here.